**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
BRYAN CHRISTIAN,

                       Plaintiff,

        - against -

NASSAU COUNTY CORRECTIONAL
SHERIFF SPOSATO, CORPORAL SAILOR,
NURSE GEORGE, CORPORAL MCKINNEY,
GRIEVANCE OFFICER COORDINATOR,
C.O. SAEED,

                      Defendants.
----------------------------------------------------------X

                      **REPORT AND**
                      **RECOMMENDATION**

               CV 17-4417 (LDH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.      **PRELIMINARY STATEMENT**

     *Pro se* Plaintiff, Byran Christian ("Plaintiff"), commenced this action against Defendants,

Nassau County Correctional Sheriff Sposato, Corporal Sailor, and Nurse George (collectively,

the "Defendants"), alleging a violation of his civil rights, pursuant to 42 U.S.C. § 1983, for

Defendants' failure, among other things, to provide adequate medical care and humane living

conditions at the Nassau County Correctional Facility ("NCCF").[1] *See generally* DE 1.  For the

reasons which follow, this Court respectfully recommends to currently assigned District Judge

DeArcy Hall, pursuant to 28 U.S.C. § 636(b), that this action be dismissed in accordance with

Rule 41(b) of the Federal Rules of Civil Procedure.

_____

     1    In his February 1, 2018  Order, then assigned District Judge Bianco consolidated
Plaintiff's two actions – CV 17-4417 and CV 17-5126 – into the first-filed case, CV 17-4417, and
directed the Clerk of the Court to close CV 17-5126.  All future filings were to be made only in CV
17-4417.

## II.    PROCEDURAL BACKGROUND

Plaintiff commenced this action on July 17, 2017 while he was incarcerated at NCCF.  *Id.* The case was originally assigned to District Judge Pamela K. Chen.  On July 27, 2017, the Clerk of the Court issued a Notice of Deficient Filing ("Deficiency Notice") outlining some problems in Plaintiff's pleading.  *See* DE 3.  Plaintiff was directed to cure the deficiencies within 14 days of the Deficiency Notice or the case would not proceed.  *Id*.  That same day, the Court mailed a copy of the July 27, 2017 Deficiency Notice to Plaintiff at the address listed in his pleading.  *Id*.

Plaintiff then commenced a second action on August 28, 2017 against Nassau County Correctional Sheriff Sposato, Corporal McKinney, C.O. Saeed, and the Grievance Coordinator alleging violations of his due process rights by these individuals based on, among other things, their failure to provide Plaintiff with sufficient time to use the law library.  The second action was given case no. 17-CV-5126 and was also assigned to District Judge Pamela Chen.

On August 30, 2019, the Clerk of the Court issued a Deficiency Notice outlining the deficiencies in Plaintiff's pleading in CV 17-5126.  Once again, Plaintiff was directed to cure the deficiencies within 14 days of the Deficiency Notice or the case would not proceed.  That same day, the Court mailed a copy of the August 30, 2019 Deficiency Notice to Plaintiff at the address listed in his pleading.  The Deficiency Notice in CV 17-5126 was returned as undeliverable, after which the Court unsuccessfully tried to locate Plaintiff's current address via the federal Bureau of Prisons, the New York City Department of Corrections, and the Nassau County inmate locator databases.  *See* CV 17-5126, DE 4; *see also* October 12, 2017 Electronic Order.

No action was taken by Plaintiff to cure the deficiencies in his pleadings – in fact, Plaintiff took no action at all.  Consequently, on October 12, 2017, Judge Chen dismissed both cases, subject to re-opening if Plaintiff notified the Court of his current address.  *See* October 12,

2017 Electronic Order in CV 17-4417; *see also* October 12, 2017 Electronic Order in CV 17-5126. On October 26, 2019, Plaintiff notified the Court, in both cases, of his current address. *See* CV 17-4417, DE 10; *see also* CV 17-5126, DE 7.

On December 14, 2017, Judge Chen re-opened both cases and the court mailed notices of the re-opening to Plaintiff that same day. Both cases were reassigned to Judge Bianco and this Court on January 2, 2018. *See* January 2, 2018 Electronic Order, CV 17-4417; *see also* January 2, 2018 Electronic Order, CV 17-5126. On February 1, 2018, Judge Bianco consolidated the two cases and ordered case number CV 17-5126 closed. *See* CV 17-5126, DE 11. All filings going forward were to be made under CV 17-4417. *See id*.

On March 18, 2019, shortly after Defendants filed an Answer, this Court ordered the parties to appear[2] for an Initial Conference scheduled for July 11, 2018. Defendants' counsel was ordered to serve a copy of the scheduling order on the *pro se* Plaintiff and to file proof of such service on ECF, which counsel did.

The *pro se* Plaintiff failed to appear at the July 11, 2018 Initial Conference. *See* DE 22. The Court noted that Plaintiff was apprised of the that Conference in scheduling order served by Defendants' counsel and through letter correspondence from the Pro Se Office on June 20, 2018. *Id.* ¶¶ 2-3. The Court also noted that Plaintiff neither requested an adjournment of the Initial Conference nor notified the Court or Defendants of his inability to appear. *Id*. ¶ 4. As a result, the Conference was put over to July 31, 2018. The Civil Conference Minute Order ("CCMO") issued for the July 11, 2018 Initial Conference stated, in pertinent part, as follows:

**THE COURT IS ALSO CAUTIONING PRO SE PLAINTIFF CHRISTIAN THAT IF HE FAILS TO APPEAR ON JULY 31 AS DIRECTED, HE IS RUNNING THE SERIOUS RISK OF THIS COURT RECOMMENDING TO**

---

[2]    At the time the Initial Conference was scheduled, Plaintiff was no longer incarcerated. *See* CV 17-4417, DE 10; *see also* CV 17-5126, DE 7.

**JUDGE BIANCO THAT HIS CASE BE DISMISSED FOR HIS FAILURE
TO PURSUE AND PROSECUTE HIS CLAIMS.**

*Id.* ¶ 5.  The Court ordered Defendants' counsel to serve a copy of the CCMO on the *pro se*

Plaintiff and to file proof of service on ECF.  *Id*.  On July 12, 2018, Defendants certified that the

CCMO had been served on the Plaintiff.  DE 23.  The Court itself also mailed the CCMO to

Plaintiff.

Plaintiff once again did not appear at the July 31, 2018 re-scheduled Initial Conference

and did not provide the Court or Defendants' counsel with any notification or explanation for his

absence.  DE 24.  Consequently, the Court stated that it would prepare a Report and

Recommendation to Judge Bianco recommending dismissal of the case based on Plaintiff's

failure to prosecute his claims.  *See id.*  Defendants' counsel and the Court separately mailed to

Plaintiff the CCMO from the July 31, 2018 hearing.

Thereafter, the case was reassigned to District Judge LaShann DeArcy Hall.  *See* DE 26.

The Plaintiff has not contacted the Court in the interim or given any indication that he wishes to

proceed with this action.  Nor has Plaintiff provided any explanation for his absences at the

scheduled conferences.

**III.    DISCUSSION**

Rule 41(b) governs the dismissal of an action or claim for a plaintiff's failure to prosecute

or comply with a court order.  It is well-settled that "'such dismissals may be made *sua sponte*'

by the district court."  *See e.g.*, *Minzer v. Shawarma Ave. Brooklyn, Inc*., No. 17-CV-3763, 2018

WL 389088, at *2 (E.D.N.Y. Jan. 12, 2018) (quoting *Storey v. O'Brien*, 482 Fed. Appx. 647, 648

(2d Cir. 2012)); *Adams v. City of New York*, No. 15-CV-5144, 2018 WL 735514, at *2 (E.D.N.Y.

Jan. 11, 2018) (quoting *Smalls v. Port Authority of New York and New Jersey*, No. 03-CV-7270,

2005 WL 195088 (2d Cir. Jan. 28, 2005)), *report and recommendation adopted sub nom. Adams*

*v. City of New York*, 2018 WL 740990 (E.D.N.Y. Feb. 6, 2018).  Dismissals pursuant to Rule 41 are within the discretion of the court.  *See Minnette v. Time* Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (citation omitted).  In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.  *See Davis v. Town of Hempstead*, 597 Fed. Appx. 31, 32 (2d Cir. 2015); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  Generally, no one factor is dispositive.  *See Baptiste*, 768 F.3d at 216.

The Court finds that dismissal is warranted here.  First, Plaintiff failed to comply with multiple Court Orders entered since July 2018 requiring his appearance and participation in this action.  As a result, this case has been dormant for some eighteen months.  *See Rogers v. Villafane*, No. 12-cv-3042, 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) (adopting Report and Recommendation to dismiss action under Rule 41(b) in light of  "plaintiff's failure to take any action for several months to indicate an interest in pursuing the case"); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (observing that dismissal under Rule 41(b) for dilatory conduct may be warranted "after merely a matter of months"); *Brow v. City of New York*, 391 Fed. Appx. 935, 937 (2d Cir. 2010) (affirming dismissal where *pro se* plaintiff caused nearly six month delay); *Ruzsa v. Rubenstein & Sandy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (affirming dismissal where *pro se* party caused seven months delay).

Second, the CCMO from the July 11, 2018 Initial Conference expressly warned Plaintiff that his failure to attend future scheduled conferences would serve as grounds for a

recommendation of dismissal of this case for failure to prosecute. *See Payne v. Golden First Mortg. Corp.*, No. 12-cv-2673, 2013 WL 386912, at *3 (E.D.N.Y. July 24, 2013) (adopting Magistrate Judge's recommendation of dismissal for failure to prosecute where the Court warned plaintiffs after they failed to appear for a conference "that further inaction would warrant dismissal of this case"). Notwithstanding the warning, Plaintiff failed to appear at the second scheduled Initial Conference on July 31, 2018. The CCMO from the July 31, 2018 Conference again expressly advised Plaintiff that the Court would take action to recommend dismissal of the case for failure to prosecute. Despite this last notice, Plaintiff never contacted the Court indicating that he wishes to proceed with this action.

Third, prejudice may be presumed, where, as here, the delay has been caused solely by Plaintiff, and there is no reasonable likelihood that Plaintiff will reappear after such a prolonged disappearance. *See Henry F. v. Woodlick*, No. 13-CV-4261, 2014 WL 5878122, at *4 (E.D.N.Y. Nov. 12, 2014) ("[A]s Plaintiff has provided no explanation for the delay or attempted to rebut the presumption of prejudice, and because there has been no suggestion that Defendants have contributed to the delay, prejudice to Defendants may be presumed."); *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (stating that "prejudice resulting from unreasonable delay may be presumed as a matter of law").

Fourth, Plaintiff's opportunity to be heard, which he has not pursued for over a year and a half does not outweigh at this juncture the Court's interest in maintaining judicial economy and managing its docket. *See Rogers*, 2013 WL 3863914, at *3 ("Under the circumstances, the Court's need for orderly case administration clearly outweighs plaintiff's interests, if any, in this litigation."); *see also Hibbert v. Apfel,* No. 99-CV-4246, 2000 WL 977683, at *3 (S.D.N.Y July

17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.").

Fifth, the Court finds that lesser sanctions would not be effective given Plaintiff's failure to comply with multiple Orders as well as his failure to take any action in this case for over 18 months. *See id*. ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case."). "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 123 (2d Cir. 1988); *see also Lindsey v. Loughlin,* 616 F.Supp. 449, 453 (E.D.N.Y. 1985) (dismissing *pro se* plaintiff's case under Rule 41(b) because of plaintiff's failure to appear at scheduled conferences, maintain contact with the court, or take other action to prepare case for trial). Under the current circumstances, the Court has no alternative but to respectfully recommend that Plaintiff's case be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 636(b), this Court respectfully recommends to Judge LaShann DeArcy Hall that this action be dismissed, pursuant to Rule 41(b).

## V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF, **except in the case of a party**

proceeding *pro se*.   *Pro se* **Plaintiff Bryan Christian shall file any objections in writing with the Clerk of the Court within the prescribed time period noted above.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable LaShann DeArcy Hall. Any requests for an extension of time for filing objections must be directed to Judge Hall prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).**

**Deputy County Attorney Ben-Sorek is directed to serve a copy of this Report and Recommendation forthwith upon the *pro se* Plaintiff by overnight mail and first-class mail and to file proof of such service on ECF by February 5, 2020.**

The Court is also sending a copy of this Order by first-class mail to the *pro se* Plaintiff at 21 E. 108th St, #4C New York, NY 10029.

Dated:  Central Islip, New York
        January 31, 2020

SO ORDERED.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge